16-3438-bk
In re Residential Capital, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         JOSÉ A. CABRANES,
         RICHARD C. WESLEY,
                  <u>Circuit Judges</u>.

_____

Erlinda Abibas Aniel,
         <u>Plaintiff-Appellant</u>,

         v.                                      16-3438

ResCap Liquidating Trust,
         <u>Defendant-Appellee</u>.*

_____


FOR PLAINTIFF-APPELLANT:     Erlinda Abibas Aniel, pro se,
                             Hillsborough, CA.

FOR DEFENDANT-APPELLEE:      Norman S. Rosenbaum, Jessica J.
                             Arett, Jordan A. Wishnew,

_____

     * The Clerk of Court is respectfully directed to amend the caption.

Morrison & Foerster LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Erlinda Abibas Aniel, pro se, filed two proofs of claim in the bankruptcy of Residential Capital, LLC, alleging wrongful foreclosure of a California property. The trustee of the bankruptcy estate, the ResCap Liquidating Trust, objected to Aniel's claims on the basis that she lacked standing. The bankruptcy court sustained the standing objections, and the district court affirmed. Aniel appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We conduct plenary review of orders by district courts acting as appellate courts in bankruptcy cases, reviewing conclusions of law de novo and factual findings for clear error. *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004). Accordingly, the ruling on standing is reviewed de novo.

To have standing, a plaintiff must show (1) an injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) that it is likely the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). The injury-in-fact must be concrete and particularized. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Aniel alleged that her injury arose from the foreclosure of the property, but she has not demonstrated a connection to the property sufficient to establish her standing. Aniel is not named on the deed of trust or mortgage note; as evidence of ownership, she cited a later grant deed giving her a one percent interest, an alleged agreement with the property's owner to pay the mortgage, and her own bankruptcy filing. But the grant deed postdated the foreclosure proceeding, Aniel submitted no documentary evidence establishing her alleged agreement with the property owner, and she never formally assumed any obligation for the mortgage loan

with the lender's consent.  Aniel's submissions in her own bankruptcy filing do not establish her standing.

We have considered all of Aniel's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk